IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01531-BNB

ANITA DEREVJAGIN,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
WASHINGTON COUNTY SHERIFF DEPT,
DIRECTOR OF MEDICAL, and
KELLIE WASKO, Director of Medical,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

    Plaintiff, Anita Derevjagin, is in the custody of the Colorado Department of Corrections and is currently detained at the La Vista Correctional Facility in Pueblo, Colorado. Ms. Derevjagin, acting *pro se*, initiated this action by filing a Complaint alleging that her constitutional rights have been violated. Ms. Derevjagin has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

    The Court must construe the Prisoner Complaint liberally because Ms. Derevjagin is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Derevjagin will be ordered to file an Amended Prisoner Complaint.

    The Court has reviewed Ms. Derevjagin's Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Derevjagin fails to set forth a short and plain statement of her claims showing that she is entitled to relief. Ms. Derevjagin's claims apparently arise out of an incident that occurred on September 16, 2011, when she was injured while being transported from Boulder, Colorado to Akron, COlorado. However, Ms. Derevjagin fails to articulate clearly what specific claim or claims she is asserting against each named Defendant and she fails to provide specific factual allegations in support of her claims.

In addition, Ms. Derevjagin's handwriting is extremely difficult to read. The Court cannot decipher Ms. Derevjagin's cursive handwriting. Accordingly, Ms. Derevjagin will be directed to file an amended complaint that is typewritten or contains legible printing.

Ms. Derevjagin is also directed that, in order to state a claim in federal court, she "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Further, Ms. Derevjagin may not sue the Washington County Sheriff's Department, because it is not a separate entity from Washington County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the Sheriff's Department must be considered as asserted against Washington County.

In addition, municipalities and municipal entities, such as Washington County, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Ms. Derevjagin cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Ms. Derevjagin also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Derevjagin must name and show how each named defendant caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Executive Director Tom Clements, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Derevjagin, therefore, will be directed to file an Amended Prisoner Complaint that names only proper parties and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violation. Accordingly, it is

ORDERED that within **thirty (30) days** from the date of this Order Ms. Derevjagin file an Amended Prisoner Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing an Amended Prisoner Complaint. It is

FURTHER ORDERED that if Ms. Derevjagin fails to file an Amended Prisoner Complaint within the time allowed the action will be dismissed without further notice.

DATED at Denver, Colorado, this 3rd day of July, 2012.

                                            BY THE COURT:

                                            *s/Craig B. Shaffer*
                                            Craig B. Shaffer
                                            United States Magistrate Judge