IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01531-BNB

ANITA DEREVJAGIN,

      Plaintiff,

v.

WASHINGTON COUNTY (WASHINGTON COUNTY SHERIFF DEPT),

      Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND
AMENDED PRISONER COMPLAINT

---

      Plaintiff, Anita Derevjagin, is in the custody of the Colorado Department of
Corrections (DOC) and is currently detained at the La Vista Correctional Facility in
Pueblo, Colorado.  Ms. Derevjagin, acting *pro se*, initiated this action by filing a
Complaint alleging that her constitutional rights have been violated.  Ms. Derevjagin has
been granted leave to proceed *in forma pauperis* with payment of an initial partial filing
fee.

      On July 3, 2012, Magistrate Judge Craig B. Shaffer reviewed the Complaint and
determined that it was deficient because it failed to comply with Rule 8 of the Federal
Rules of Civil Procedure, and because it named improper parties.  Therefore, Ms.
Derevjagin was directed to file an Amended Complaint within thirty days.  After receiving
an extension of time, Ms. Derevjagin filed an Amended Complaint on August 22, 2012.

The Court must construe the Amended Complaint liberally because Ms. Derevjagin is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. Derevjagin will be ordered to file a Second Amended Prisoner Complaint.

Ms. Derevjagin asserts three claims in the Amended Complaint.  As background for her claims, she alleges that on September 16, 2011, she was transported from Boulder, Colorado, to Akron, Colorado, by Washington County transportation officers.  She alleges that she was placed in hand cuffs and shackles but not secured with a seat belt and that the transportation officer slammed on the brakes which caused Plaintiff to be thrown forward into a metal security grill.  She alleges that even though she fractured her left clavicle and injured her spine, the transportation officers denied her any immediate medical attention.  As a result, Ms. Derevjagin alleges that her Eighth Amendment right to be free from cruel and unusual punishment was violated.

Ms. Derevjagin has not named as defendants any of the transportation officers who were allegedly responsible for the constitutional violations.  She explains that she does not know their names.  Consequently, she has named the Washington County Sheriff's Department as the only defendant to this action.

Ms. Derevjagin was previously informed that she may not sue the Washington County Sheriff's Department because it is not a separate entity from Washington County and, therefore, is not a person under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case).  Any claims asserted against the Sheriff's Department must be

2

considered as asserted against Washington County.

In addition, municipalities and municipal entities, such as Washington County, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Ms. Derevjagin cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Therefore, Washington County does not appear to be a proper party to this action.

Instead, Ms. Derevjagin should name as defendants those transportation officers who actually participated in the alleged violations of her constitutional rights. She may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. Derevjagin uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Ms. Derevjagin is reminded that she must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Derevjagin must name and show how each named defendant caused a deprivation of her federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure

3

to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A

defendant may not be held liable on a theory of respondeat superior merely because of

his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479

(1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Derevjagin, therefore, will be directed to file a Second Amended Prisoner

Complaint that names only proper parties and alleges specific facts that demonstrate

how each named defendant personally participated in the asserted constitutional

violation. Accordingly, it is

ORDERED that within **thirty (30) days** from the date of this Order Ms.

Derevjagin file a Second Amended Prisoner Complaint that complies with the instant

Order and names the proper parties to the action.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner

Complaint form (with the assistance of her case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in

filing a Second Amended Prisoner Complaint.  It is

FURTHER ORDERED that if Ms. Derevjagin fails to file a Second Amended

Prisoner Complaint within the time allowed the action will be dismissed without further

notice.

DATED September 4, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge