IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01531-BNB

ANITA DEREVJAGIN,

    Plaintiff,

v.

WASHINGTON COUNTY (WASHINGTON COUNTY SHERIFF DEPT),

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Anita Derevjagin, is in the custody of the Colorado Department of Corrections (DOC) and is currently detained at the La Vista Correctional Facility in Pueblo, Colorado. Ms. Derevjagin, acting *pro se*, initiated this action by filing a Complaint alleging that her constitutional rights have been violated. Ms. Derevjagin has been granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

    On July 3, 2012, Magistrate Judge Craig B. Shaffer reviewed the original Complaint and determined that it was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and because it named improper parties. Therefore, Ms. Derevjagin was directed to file an Amended Complaint within thirty days. After receiving an extension of time, Ms. Derevjagin filed an Amended Complaint on August 22, 2012, naming the Washington County Sheriff['s] Department as the sole Defendant.

    On September 4, 2012, Magistrate Judge Boyd N. Boland reviewed the Amended Complaint and determined that it was deficient because it failed to name the

individual Defendants who caused the alleged constitutional violation and also failed to allege facts sufficient to hold Washington County liable under 42 U.S.C. § 1983. Accordingly, Ms. Derevjagin was directed to file a Second Amended Complaint within thirty days. On September 12, 2012, the Court granted Plaintiff an extension of time, until October 18, 2012, to file her Second Amended Complaint. (ECF No. 15). On October 24, 2012, the Court granted Plaintiff an additional twenty-one days, until November 13, 2012, to file her amended pleading.

Ms. Derevjagin has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2011). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Ms. Derevjagin is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss the Amended Complaint and this action.

Ms. Derevjagin asserts three claims in the Amended Complaint. She alleges that on September 16, 2011, she was transported from Boulder, Colorado, to Akron, Colorado, by Washington County Sheriff's Department transportation officers. She alleges that she was placed in hand cuffs and shackles but not secured with a seat belt and that one of the transportation officers slammed on the brakes, causing Plaintiff to be

thrown forward into a metal security grill.  Plaintiff alleges that even though she fractured her left clavicle and injured her spine, the transportation officers denied her any immediate medical attention.  As a result, Ms. Derevjagin asserts that her Eighth Amendment right to be free from cruel and unusual punishment was violated.  She seeks monetary relief.

Ms. Derevjagin has not named as defendants the transportation officers who were allegedly responsible for the constitutional violations.  Instead, she has named the Washington County Sheriff's Department as the only Defendant to this action.  Plaintiff was advised by Magistrate Judge Boland in the September 4 Order that she could name as defendants those transportation officers who actually participated in the alleged violations of her constitutional rights by using  fictitious names, such as "John or Jane Doe," if she did not know the officers' real names.  However, Plaintiff did not file a second amended complaint to assert claims against any individual officers.

Ms. Derevjagin was further advised in the September 4 Order that she may not sue the Washington County Sheriff's Department because it is not a separate entity from Washington County and, therefore, is not a person under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case).  Her claims asserted against the Sheriff's Department therefore are construed as claims against Washington County.

Municipalities and municipal entities, such as Washington County, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff

must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Ms. Derevjagin cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Ms. Derevjagin has not alleged any facts to show that her alleged injuries are the result of an unconstitutional policy or custom of Washington County. As such, her allegations fail to support an arguable claim for relief against Washington County and the Amended Complaint will be dismissed as legally frivolous. *Nietzke*, 490 U.S. at 324.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Ms. Derevjagin has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Ms. Derevjagin may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  26th  day of      November      , 2012.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court